UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-14351-CIV-MARRA/LYNCH

SAMANTHA ESQUIVEL-LACHAR, and
ROBERT JONES, JR., as parents and
co-personal representatives of the estate of
H.B.J., deceased,

          Plaintiffs,

v.

UNITED STATES OF AMERICA and
HCA HEALTH SERVICES OF FLORIDA, INC.,
d/b/a ST. LUCIE MEDICAL CENTER,

          Defendants.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Federal Defendant's Motion to Limit the Amount of

Damages Which the Plaintiffs May Seek From Defendant United States Pursuant to 28 U.S.C. §

2675(b) [DE 35]. The motion has been fully briefed and is ripe for the Court's consideration.

The Court has reviewed all of the papers submitted in connection with the motion, the entire file,

and is otherwise duly advised in the premises.

**Background Facts**

    This Federal Tort Claims action alleges that Defendants deviated from the prevailing

professional standards in their handling of the delivery of H.B.J. on June 20, 2013, and that these

deviations caused H.B.J.'s death six days later. [DE 16]. Prior to commencing this action,

Plaintiffs submitted Standard Form (SF) 95 administrative claims to the United States

1

Department of Health and Human Services (DHHS) in February, 2014.  Two separate forms were filed, each listing $2,500 as the total damages being sought.  [DE 35-1, 35-2].

On July 23, 2014, DHHS sent Plaintiffs' counsel a letter denying the administrative tort claims, and stating that the letter constituted the notice of final determination on the claims in accordance with 28 U.S.C. §2401(b). [DE 35-3].  On August 14, 2014, Plaintiffs' counsel sent DHHS a letter with "amended" administrative tort claims, which indicated that they were correcting a Scrivener's error in the original claims.  This alleged error related solely to the amount of damages being sought and increased the amount from $2,500 to $2,500,000. [DE 35-5, 35-6, 35-7].

This action was then commenced on August 28, 2014.  The Amended Complaint for Damages alleges, in relevant part, that Plaintiffs' Federal Tort Claims Act ("FTCA") claim of $2,500 instead of $2,500,000 was a clerical error, and they filed an Amended FTCA claim for the corrected amount, which was denied. [DE 16 at ¶8].  In its Answer, Defendant United States denied that the claim was amended or that DHHS took any further action after the original date of denial. [DE 29 at ¶8].  Defendant's Sixth Affirmative Defense asserts that Plaintiffs are barred from recovering damages in excess of the amounts stated in their administrative tort claims. [*Id.* at 5].

## The Parties' Contentions

Defendant argues that pursuant to 28 U.S.C. § 2675(b), each Plaintiff is precluded from seeking more than $2,500 in damages from the United States.[1]  Defendant notes that a

---

[1]The Government concedes that each Plaintiff can recover $2,500, for a total of $5,000. [DE 35 at 5, 11, DE 37 at 6].

prerequisite to filing suit against the United States is the filing of an administrative claim accompanied by a claim for money damages in a sum certain, citing to 28 U.S.C. §2401(b) and 2675(a), and 28 C.F.R. § 14.2(a).  Defendant further notes that an administrative claim may be amended any time prior to final agency action under 28 C.F.R. §14.2(c). [DE 35 at 6-8]. Defendant states that since Plaintiffs only sought to amend their claims after the final agency action, the attempted amendment was null and void. [*Id*. at 11].

Defendant relies upon the rule that once a final agency decision denying a claim has been issued, a plaintiff's claim is capped by the amount set forth in the administrative claim unless one of the exceptions set forth in 28 U.S.C. § 2675(b) applies. [*Id*. at 8].  Exceptions can be made when the increased amount is based upon newly discovered evidence not reasonably discoverable at the time that the claim was presented to the federal agency, or upon allegation and proof of intervening facts relating to the amount of the claim.  28 U.S.C. § 2675(b).

Defendant argues that the amount of the claim cannot be amended due to an attorney's error. [DE 35 at 9].  Defendant concludes that based upon the facts herein, the Court now lacks jurisdiction to award damages which exceed the original demands of $2,500. [*Id*. at 10].

Plaintiffs respond that the typographical error in the original claims was obvious, and should have been apparent to the government in light of the nature of the claim (wrongful death of an infant) and the extent of the medical bills that were furnished to the government with the claim. [DE 36 at 2].  Plaintiffs rely upon two cases, *Rabovsky v. United States*, 265 F. Supp. 587 (D. Conn. 1967) and *Little v. United States*, 317 F. Supp. 8 (E.D. Pa.1970).  Plaintiffs note that since the government denied the claim for $2,500, it clearly would have denied the claim at $2,500,000. [*Id*. at 3].

3

Plaintiffs also argue that there has been newly discovered evidence which was not available when the original claim was filed. [*Id*. at 3-5].  At a May 7, 2015 deposition in this case, Plaintiffs discovered that they had not been provided with a complete set of the medical records relevant to this case.  Plaintiffs allege that the more than 400 pages of missing medical records "present a more complete picture of the severity of the injuries of the infant and the negligence on the part of the government" and, therefore, triggers the exception to § 2675(b). [*Id*. at 5].

Defendant replies that the *Rabovsky* and *Little* cases are not binding precedent in this district and are distinguishable from the instant case. [DE 37]. As to Plaintiffs' argument that there has been newly discovered evidence, Defendant replies that this evidence had no impact on the nature of the damages recoverable in a wrongful death action.  Furthermore, Plaintiffs sought to amend the amount of the damages before this evidence came to light.  Plaintiffs' claim that the amendment was due to a Scrivener's error indicates that the amended amount was always the amount of damages that they were seeking and had nothing to do with the documents produced later during discovery.

## Discussion

Although the result mandated here by the relevant statutes and regulation is harsh, it is also quite clear.  It is not within the purview of this Court to ignore unambiguous statutory rules. The FTCA constitutes a waiver of the Federal Government's sovereign immunity.  As such, it must be construed strictly in favor of the sovereign.  *McMahon v. United States*, 342 U.S. 25, 27 (1951).

A prerequisite to filing suit against the United States is the filing of an administrative

4

claim accompanied by a claim for money damages in a sum certain.  28 U.S.C. §2401(b),

2675(a), and 28 C.F.R. § 14.2(a).  An administrative claim may be amended any time prior to

final agency action under 28 C.F.R. §14.2(c). Since Plaintiffs only sought to amend after the final

agency action, the attempted amendments were null and void.

 Once the final agency decision denying Plaintiffs' claims was issued, their claims were

capped by the amount set forth in the administrative claims unless one of the exceptions set forth

in 28 U.S.C. § 2675(b) applies.

> Action under this section shall not be instituted for any sum in
> excess of the amount of the claim presented to the federal agency,
> except where the increased amount is based upon newly discovered
> evidence not reasonably discoverable at the time of presenting the
> claim to the federal agency, or upon allegation and proof of
> intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b).

 Neither of the exceptions set forth in 28 U.S.C. §2675(b) applies here.  The increased

amount was not based upon new evidence or intervening facts relating to the amount of the

damages. In fact, by arguing that there had been a Scrivener's error, Plaintiffs asserted that the

increased amount was what they had meant to claim all along.

 The cases upon which Plaintiffs rely do not help their cause.  In *Rabovsky*, the court

found that the clerical error should have been apparent to the government in light of the stated

extent of the injuries; the fact that the plaintiff had already lost $160 in wages; and the

government's knowledge that Plaintiff did not have the medical report and bill.  The opinion

concludes as follows:

> Moreover, the Plaintiff through no fault of his own did not have his doctor's report or bill at the time the claim was filed.  The medical extent of his injuries and expenses were not fully known and his attorney, therefore, was not in a position to appraise the value of the claim.  Under the circumstances here, the Court finds the plaintiff is not precluded from a recovery in excess of $25.00 **because** there was evidence not reasonably discoverable at the time the administrative claim was filed and there has been proof of intervening facts relating to the amount of the claim within the meaning of the applicable statute.

265 F. Supp. at 588 (bold emphasis added).  Since the *Rabovsky* court found that the statutory exception was satisfied, this was the correct result.

Here, the statutory exceptions have not been satisfied.  Plaintiffs did not need the medical records to assess their damages for their child's alleged wrongful death.  The medical records might be relevant to issues of liability, but not as to the amount of the damages.  In that regard, the instant case is different from a personal injury action like *Rabovsky*.

To the extent that *Rabovsky* might have ruled similarly if the exception had not been satisfied, this Court declines to follow it.  The applicable regulation is clear that the claim must contain a "sum certain".  28 C.F.R. § 14.2(a).  The regulation properly reflects the requirements of the relevant statute.  *See*  28 U.S.C. §2675(b)("Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency . . . .").

Even if the agency here suspected that there was an error in the amount of the claim, that would not give the agency information relative to the correct sum certain.  As far as the agency knew, the sum certain might have been $25,000 or $250,000.  The agency had no way of knowing that Plaintiffs intended the claim to be $2,500,000 at the time the agency took its final action on the claim.

These facts distinguish this case from the *Little* case, where prior to the filing of the claim, plaintiffs' attorney had sent a letter to the government listing medical bills totaling $1,391.67 and seeking $8,500 to settle the claim.  When the Standard Form 95 was filed, only the $1,391.67 was listed.  317 F. Supp. at 9.  The court stated:

> Thus, the unique legal issue in this case is whether where the government knows a mistake has been made and where the government had **precise prior notice of the true demand**, does the statute require the Government to be the unintended beneficiary of patent clerical error.  Such harshness is not required by the most perceptive decisions.

*Id*. (bold emphasis added).  Since in the instant case, the agency had no precise prior notice of the true demand, *Little* is inapposite.[2]

Plaintiffs argue that the intent of the procedural requirements was satisfied, because they submitted medical records, bills and expert affidavits along with their claim. [DE 36 at 3].  They note that since the Government refused to settle the case when it thought the amount demanded was $2,500, clearly it would have refused to settle the case at $2.5 million dollars.  This does not alter the fact that Plaintiffs failed to give notice of their actual demand prior to the agency's issuance of its denial.

The Eleventh Circuit has held that a district court has no jurisdictional authority to award damages in excess of the initial administrative claim without newly discovered evidence or intervening facts.  *Davis v. Marsh*, 807 F.2d 908, 914 (11th Cir. 1987).[3]  This Court cannot,

---

[2]The *Little* court also states that the clerical error brought into play the exceptions set forth in 28 U.S.C. §2675(b).  This Court does not agree that a clerical error *per se* satisfies the requirements of this statute.  As noted *supra*, the statute was not satisfied in the instant case.

[3]The *Davis* court specifically rejected the argument that a district court could exercise its equitable jurisdiction to allow an amendment to the amount of a claim where the initial claim

therefore, award damages to each Plaintiff as against the Federal Defendant in excess of the $2,500 each set forth in the initial claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Federal Defendant's Motion to Limit the Amount of Damages Which the Plaintiffs May Seek From Defendant United States Pursuant to 28 U.S.C. § 2675(b) [**DE 35**] is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of December, 2015.

_____
KENNETH A. MARRA
United States District Judge

---

was a mistake made by an attorney.  807 F.2d at 910.